SONYA D. RUPPE, )
)
       Plaintiff, )
)
v. ) No.: 3:12-CV-475-TAV-CCS
)
KNOX COUNTY BOARD OF EDUCATION, )
)
       Defendant. )

## MEMORANDUM OPINION

This civil action is before the Court on Defendant Knox County Board of Education's Motion to Dismiss [Doc. 10], in which defendant moves the Court to dismiss plaintiff's complaint pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure for her failure to state a claim upon which relief can be granted. Plaintiff did not respond to defendant's motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons stated herein, and in light of plaintiff's lack of opposition, defendant's motion [Doc. 10] will be granted. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

### I.   Background

Plaintiff has been employed by defendant as a teacher for more than twenty-four years, and from 1998 until 2011, she served as Assistant Principal of Halls Middle School [Doc. 1 ¶¶ 7–8]. During the 2010–2011 school year, plaintiff's supervisor, the principal

of Halls Middle School, held a "conference of concern" with plaintiff in which the principal discussed three incidents: "no staff being present at a fight at the school; Plaintiff's interviewing a student in the presence of a parent complaining about the student; and Plaintiff's using 'inappropriate language' at a student meeting, for which Plaintiff had received otherwise positive feedback" [*Id.* ¶ 9]. Plaintiff avers that she "addressed all of these issues and explained each" [*Id.*].

Plaintiff was subsequently injured in a fall, and after missing eight days of work as a result, plaintiff exercised approximately four months of medical leave [*Id.* ¶ 10]. Consequently, plaintiff asked that a supervisor, Dr. Elizabeth Alves ("Dr. Alves"), delay her evaluations until the following year because insufficient time existed for conducting evaluations [*Id.*]. Nevertheless, Dr. Alves conducted three performance reviews in early 2011, resulting in scores of "Satisfactory," "Commendable," and "Marginal," respectively [*Id.* ¶ 11–13]. Dr. Alves then composed a "Summative Report and Recommendation for Administrators and Supervisors," rating plaintiff's evaluation scores as "Satisfactory," but recommending that she be transferred to another position unspecified in the report [*Id.* ¶ 14–15].

On or about May 3, 2011, Dr. James P. McIntyre, Jr. ("Dr. McIntyre"), the Superintendent of Knox County Schools, met with plaintiff to discuss her placement within the school system for the following school year [*Id.* ¶ 16]. Dr. McIntyre told plaintiff that he was concerned with her performance and with "support at school/administration," though he added that plaintiff's commitment was not in question

2

[*Id.*]. At this meeting, Dr. McIntyre removed plaintiff from her position as Assistant Principal of Halls Middle School and reassigned her to a teaching position for the following school year [*Id.* ¶ 17].

In a letter dated August 1, 2011, plaintiff wrote to Dr. McIntyre requesting a name-clearing hearing [*Id.* ¶ 18]. In a letter dated August 29, 2011, Dr. McIntyre replied that he had received plaintiff's letter, but declined to grant a name-clearing hearing because defendant's policies and the relevant case law do not contemplate a hearing under plaintiff's circumstances [*Id.* ¶ 19]. Apparently, this letter was not mailed until September 7, 2011, and due to further complications once it was sent, plaintiff did not receive the letter until on or after September 12, 2011 [*Id.* ¶ 20].

Plaintiff alleges that, acting under the color of state law and in the scope of their employment, Dr. McIntyre and Dr. Alves, and therefore defendant, "deprived plaintiff of her liberty interest in employment as an Assistant Principal in violation [of] 42 U.S.C. § 1983" [*Id.* ¶ 22]. To this end, plaintiff contends that her "alleged performance deficiencies and . . . lack of support at Halls Middle School and with the 'administration' . . . render it virtually impossible for her to obtain employment in the public sector in positions similar to the Assistant Principal position she [formerly] held" [*Id.* ¶ 23]. Moreover, plaintiff submits that defendant and its agents disclosed plaintiff's alleged "performance deficiencies" to employees of defendant, parents, and students, resulting in a stigmatization of plaintiff in her profession. Finally, plaintiff states that defendant's refusal to provide a name-clearing hearing constituted a violation of her due process

3

rights and a deprivation of her liberty without due process of law, in violation of the Fifth Amendment to the United States Constitution.[1]

## II. Standard of Review

Defendant moves to dismiss plaintiff's complaint pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, for failing to state a claim upon which relief may be granted. "The only difference between Rule 12(c) and Rule 12(b)(6) is the timing of the motion to dismiss." *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003). To this end, "[a] motion to dismiss under Rule 12(b)(6) requires the moving party to request judgment in a pre-answer motion or in an answer. A motion for judgment on the pleadings under Rule 12(c) may be submitted after the defendants filed an answer." *Id.* Because the pleadings had been filed at the time defendant made its motion, the Court views this motion as one made pursuant to Rule 12(c). *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 n.1 (6th Cir. 1988) (stating that a Rule 12(b)(6) motion filed after the answer to the complaint may be "properly considered as one for judgment on the pleadings under Fed. R. Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6)").

---

[1] This cause of action is properly analyzed under the Fourteenth Amendment to the United States Constitution, rather than the Fifth Amendment. *See Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989) (noting that "a person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause of the fourteenth amendment. . . . Any deprivation of those interests, therefore, must be accompanied by notice and an opportunity to be heard to refute any charges against that person").

4

Federal Rule of Civil Procedure 8(a)(2), which governs pleadings, requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). If a party fails to meet these pleading requirements, the opposing party may move to dismiss for failure to state a claim pursuant to Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure.

In determining whether to grant a Rule 12(c) motion for judgment on the pleadings, all well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Still, though a court may not grant a Rule 12(c) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Accordingly, "[a] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

More specifically, in *Iqbal*, the United States Supreme Court stated that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To this end, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Supreme Court then proceeded to explain the two principles underlying these statements:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id.* at 678–79 (citations omitted). As a result, when a complaint states no more than conclusions, such are not entitled to the assumption of truth. *Id* at 678. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* So, in sum, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

**III.     Analysis**

Based on defendant's characterization of the complaint in its motion to dismiss, and in light of plaintiff's lack of a response, the Court construes plaintiff's complaint as alleging two causes of action: (1) defendant and its agents, in their official capacities, deprived plaintiff of her Fourteenth Amendment liberty interest in employment as an Assistant Principal in violation of 42 U.S.C. § 1983;[2] and (2) by refusing to grant plaintiff's request for a name-clearing hearing, defendant deprived plaintiff of her liberty interest under the Fourteenth Amendment without due process of law. As will be discussed, however, these claims are interrelated because a plaintiff is only entitled to a name-clearing hearing if he or she has been deprived of a liberty interest. *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997). As previously stated, "a person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause of the fourteenth amendment. Any deprivation of those interests, therefore, must be accompanied by notice and an opportunity to be heard to refute any charges against that person." *Chilingirian*, 882 F.2d at 205.

The first question is whether defendant's actions constituted a deprivation of plaintiff's liberty under the Due Process Clause of the Fourteenth Amendment. For cases

---

[2] "Official-capacity suits [under 42 U.S.C. § 1983] are merely another way of pleading an action against the governmental entity of which the defendant is an officer, employee, or agent." *Guster v. Hamilton Cnty. Dep't of Educ.*, No. 1:02-CV-145, 2004 WL 1854181, at *7 (E.D. Tenn. Mar. 2, 2004) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)).

7

such as the present one, the Sixth Circuit has "identified five factors that a plaintiff must show in order to establish that he [or she] was deprived of a liberty interest." *Quinn v. Shirey*, 293 F.3d 315, 320 (6th Cir. 2002).

> First, the stigmatizing statements must be made in conjunction with the plaintiff's termination from employment. . . . Second, a plaintiff is not deprived of his [or her] liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance. . . . Third, the stigmatizing statements or charges must be made public. Fourth, the plaintiff must claim that the charges made against [her] were false. Lastly, the public dissemination must have been voluntary.

*Id.* (citations omitted). "If the above requirements are met, the employee is entitled to notice and an opportunity to be heard through a name-clearing hearing." *Ludwig*, 123 F.3d at 410. The underlying idea is that "[a] name-clearing hearing is required only if an employer creates a false and defamatory impression about a particular employee in connection with his termination." *Chilingirian*, 882 F.2d at 205.

The Court finds that plaintiff has failed to plead sufficient facts to support a plausible claim for deprivation of her liberty interest. First, the Sixth Circuit has expressly stated that no such deprivation occurs "when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance." *Quinn*, 293 F.3d at 320. Instead, "[a] moral stigma such as immorality or dishonesty is required to show a deprivation of liberty." *Ludwig*, 123 F.3d at 410. Plaintiff states that defendant has alleged "performance deficiencies and . . . [a] lack of support at Halls

8

Middle School and with the 'administration'" [Doc. 1 ¶ 23]. These are not the sort of employer allegations that support a claim for deprivation of one's liberty interest.

Moreover, plaintiff has not pled factual allegations indicating that any stigmatizing statements have been made public, other than stating, in conclusory fashion, that plaintiff's performance deficiencies were "disclosed to other Board employees, parents, and students" [*Id.* ¶ 24]. In plaintiff's complaint, she merely alleges that Dr. Alves submitted a report recommending a transfer, and Dr. McIntyre met with plaintiff to discuss her position for the following school year and notify her that she was being transferred to a different position. These conclusory allegations are insufficient to give rise to a plausible claim on its face that any stigmatizing statements were made public. Furthermore, "the plaintiff must claim that the charges made against [her] were false." *Quinn*, 293 F.3d at 320. Plaintiff makes no such allegation in her complaint. And finally, plaintiff does not plead facts indicating that defendant voluntarily disseminated any stigmatizing statements about her to the public, as required by the fifth prong of the Sixth Circuit's test.

Thus, the Court finds that plaintiff has not pled facts sufficient to satisfy the Sixth Circuit's five-factor test. Therefore, plaintiff has not stated a plausible claim that defendant deprived her of any liberty interest. Consequently, plaintiff was not entitled to due process in the form of a name-clearing hearing because defendant did not deprive her of any liberties granted to her by the Fourteenth Amendment. *See Ludwig*, 123 F.3d at 410 (noting that "[i]f the [five] requirements are met, the employee is entitled to notice

9

and an opportunity to be heard through a name-clearing hearing" because "[w]hen a deprivation of a liberty interest . . . occurs, the [plaintiff] must be afforded notice and an opportunity to be heard to refute the charges disseminated"). Plaintiff's claims must accordingly be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## IV. Conclusion

For the reasons stated herein, Defendant Knox County Board of Education's Motion to Dismiss [Doc. 10] will be **GRANTED** and plaintiff's claims will be **DISMISSED** in their entirety. The Clerk of Court will be **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE